**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DAMIEN M. AINSWORTH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL,<br><br>　　　　Defendant. | Case No. 16-cv-03933-BLF<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(B)**<br><br>[Re: ECF 31] |

In this Social Security appeal, the Court granted in part Plaintiff Damien M. Ainsworth's ("Ainsworth") motion for summary judgment, remanded the case for further agency proceedings, and entered judgment for Plaintiff. See Order, ECF 27; J., ECF 28. Based on the stipulation of Ainsworth and the Social Security Commissioner, the Court granted $4,555.05 in attorney fees to Ainsworth under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Joint Stipulation & Order, ECF 30. On remand, Ainsworth was awarded past-due Disability Insurance Benefits in the amount of $96,634.60. *See* Mem. of P. & A. 1–2 ("Mem."), ECF 31-1. An additional $31,679.00 was withheld toward payment of attorney's fees. *See id.* at 2.

Ainsworth's counsel ("Counsel") has filed an application for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) and the parties' contingent-fee agreement, which provides that Ainsworth will pay attorneys' fees in the maximum amount of 25% of past-due benefits awarded. *See id.* Counsel specifically seeks a "gross fee" of $29,555.05, which would equate to a "net fee" of $25,000.00 after he reimburses Ainsworth $4,555.05 for EAJA fees. *Id.*

The Court finds that the fees sought are reasonable and GRANTS the motion for attorneys' fees in the amount of $29,555.05.

## I. LEGAL STANDARD

Section 406(b) of the Social Security Act governs Counsel's request for fees. Under that provision, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand." *Butler v. Colvin*, No. 3:14-CV-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). "[T]he fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys specializing in social security work "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful." *Crawford*, 586 F.3d at 1147. The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, the district court must review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "[T]he district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

Where attorneys' fees have been awarded pursuant to the Equal Access to Justice Act ("EAJA"), the EAJA fees must be offset against any fees awarded under § 406(b). *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412). "Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'"

2

1  *Id.* (quoting 28 U.S.C. § 2412). "Congress harmonized fees payable by the Government under
2  EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in
3  this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must
4  refund to the claimant the amount of the smaller fee." *Id.* (internal quotation marks, citation, and
5  alterations omitted).

**II.  DISCUSSION**

Pursuant to the standards set forth above, the Court begins its analysis by looking to the contingent fee agreement between Counsel and Ainsworth. *See* Att'ys Fees Contract, ECF 31-4. The agreement provides that, subject to approval of the federal court, Ainsworth will pay "a fee no greater than 25% of the past-due benefits owed to [Ainsworth] (and [his] auxiliary beneficiaries, if applicable.)" *Id.* at 1. Ainsworth's award letter explicitly states his past-due Disability Insurance Benefits in the amount of $96,634.60 are to be paid directly to him and $31,679.00 are to be withheld toward the payment of attorney's fees. *See* SSA Benefits Letter 2–3, ECF 31-3. This means the total of Ainsworth's past-due Disability Insurance Benefits is $128,313.60. *See id.* A fee equaling 25% of the total Disability Insurance Benefits ($128,313.60) is $32,078.40. Counsel requested $29,555.05, which equates to a 23.03% attorney fee. *See* Mem. 2. Nothing in the record suggests that Counsel's performance was substandard or that Counsel delayed proceedings in an effort to increase the amount of fees awarded. Counsel obtained an excellent result for Plaintiff. *See id.* at 3–12.

The Government's response to the motion states that the Social Security Commissioner takes no position on Counsel's request for fees, and that the Commissioner submits a response pursuant to his role "resembling that of a trustee" for Ainsworth. Resp. 2, ECF 34 (quoting *Gisbrecht*, 535 U.S. at 798 n.6). The Government notes that based on Counsel's representation that he spent 22.3 hours on the district court proceedings, the amount requested would result in an effective hourly rate of $1,325.34. Resp. 3 n.2; *see* Itemization, ECF 31-5. The Government then cites *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036–37 (N.D. Cal. 2003), a case in which the district court noted that appropriate effective hourly rates for social security cases have ranged

from $187.55 to $694.44. *Id.*; Resp. 3 n.2. The Government also cites to *Harrell v. Berryhill*, No. 16-cv-02428-MEJ, 2018 WL 4075883, at *4 (N.D. Cal. Aug. 27, 2018), a case where the Court reduced the counsel's fees request of $1,213.83 per hour to $600.00 per hour. *Id.* The Government flags that Counsel should not be awarded a windfall. Resp. 4. Finally, the Government notes that because the Court previously approved an award of EAJA fees in the amount of $4,555.05, these fees must be reimbursed to Ainsworth if the current fee motion is granted. Resp. 4–5. Counsel acknowledges that the EAJA fees must be refunded to Ainsworth if the current motion is granted. Mem. 2, 13.

The Court finds the hourly rate of $1,325.34 reasonable under the circumstances. *See Villa v. Astrue*, No. CIV–S–06–0846 GGH, 2010 WL 118454, at *1–2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fee request exceeding $1000 an hour and noting that "[r]educing § 406(b) fees after Crawford is a dicey business"); *see also Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an hourly rate of $1,553.36 per hour); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services). The Court notes that *Hearn* is now almost two decades old; accordingly, the fees discussed there do not necessarily provide helpful guidance today. Meanwhile, the judgment in *Harrell* was later amended to increase the awarded fees back to the requested amount of $1,213.83. *See Harrell v. Berryhill*, No. 16-CV-02428-TSH, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) ("The Court finds that a de facto hourly rate of $1,213.83 is reasonable.").

Here, Counsel assumed a substantial risk of not recovering attorneys' fees because the claims had been denied after exhausting administrative remedies. *See, e.g.*, *Sample v. Astrue*, No. C-07-04814 JSW EDL, 2010 WL 4688987, at *1 (N.D. Cal. July 21, 2010), *report and recommendation adopted*, No. C 07-04814 JSW, 2010 WL 4688985 (N.D. Cal. Nov. 9, 2010); *see also* Mem. 4–6. Counsel also completed a substantial amount of work for Ainsworth, including representing Ainsworth at both the administrative and judicial levels of adjudication. Mem. 2, 5.

4

1  After review of the record, the Court finds that the requested attorneys' fees are reasonable and do not constitute a windfall. *See Astrue*, 2010 WL 4688987, at *1 (granting the requested attorneys' fees in a case involving a similar risk and degree of representation by counsel).

Having considered the record in this case and the applicable law, the Court is satisfied that Counsel's request for attorneys' fees in the amount of $29,555.05 under § 406(b) is reasonable. Plaintiff will be refunded the $4,555.05 in EAJA fees previously awarded and currently held in trust.

### III.  ORDER

(1) Counsel's motion for attorneys' fees under § 406(b) is GRANTED in the amount of $29,555.05; and

(2) Ainsworth SHALL be refunded the $4,555.05 in EAJA fees previously awarded.

Dated: October 20, 2020

_____
BETH LABSON FREEMAN
United States District Judge